**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JESSIE JAMES DALTON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>WALTER DINWIDDIE, Warden,[1] )<br>)<br>Respondent. ) | NO. CIV-05-1182-HE |

## ORDER

Petitioner Jessie James Dalton instituted this action under 28 U.S.C. § 2254 seeking habeas relief and, consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts. The magistrate judge has recommended that the petition be denied.

The petitioner was convicted by a jury of murder in the first degree and was sentenced to life imprisonment without the possibility of parole.[2] The conviction and sentence were affirmed on appeal by the Oklahoma Court of Criminal Appeals ("OCCA"). The petitioner did not seek state post-conviction relief.

The petitioner asserts the same seven grounds for relief in his habeas petition that were raised on direct appeal. The magistrate judge applied the deferential AEDPA[3] standard of review to the OCCA's decisions, when warranted, and otherwise considered the petitioner's claims on the merits.

---

[1]*The court has substituted Walter Dinwiddie as the respondent. He is the warden of the Dick Conner Correctional Center in Hominy, Oklahoma, where the petitioner is currently confined.*

[2]*The jury found that the defendant was involved in a home invasion at the residence of Darnell and Stella Ray, during which the Rays' son was shot and killed.*

[3]*Antiterrorism and Effective Death Penalty Act of 1996.*

The magistrate judge addressed the merits of ground one, to the extent the petitioner was claiming the exclusion of certain impeachment evidence pertaining to Darnell Ray violated his Sixth Amendment confrontation rights.[4] The petitioner claims the state judge erred by refusing to allow Mr. Ray to be impeached by his prior convictions, including a 1970 armed robbery conviction, or his alleged bootlegging activity. Finding that this evidence, if admitted, would not have created a reasonable doubt that the petitioner committed the crime, the magistrate judge concluded that the petitioner was not entitled, on the basis of ground one of his petition, to habeas relief.

In ground two, which also was reviewed de novo, the petitioner challenges the prosecutor's questioning of his codefendants, Paul Duran and Warren Plank, about their cooperation agreements with the State.[5] The magistrate judge rejected the petitioner's claim that the prosecutor improperly bolstered their credibility, noting that the prosecutor, while emphasizing the truthfulness provisions of Duran and Warren's plea agreements, had also made known that they had committed crimes and were benefitting from testifying. Magistrate Judge Roberts found that the prosecutor's questions about the truthfulness provisions of Duran and Warren's plea agreements "did not so infect the trial with unfairness as to deny Petitioner due process." Report and Recommendation p. 14.

In ground three the petitioner claims that his counsel was ineffective because he failed to challenge, as being unreliable, eyewitness identifications in general and those specifically made by two of the victims, Darnell and Stella Ray. On the basis of the record, including the

---

[4]*The magistrate judge noted that, to the extent the petitioner challenges the OCCA's interpretation and application of state evidentiary rules, his "claim raises a matter of state law not cognizable on federal habeas corpus review." Report and Recommendation, p. 9.*

[5]*Defense counsel did not object to the prosecutor's questions on this basis at trial and the OCCA found that the questioning did not amount to plain error.*

consistency of the Rays' identifications of the petitioner at the preliminary hearing and trial, defense counsel's cross examination of the Rays regarding their identification of the petitioner, and the jury instruction regarding eyewitness identification, the magistrate judge found that the petitioner had failed to show that his counsel's performance in this regard was constitutionally deficient.  The OCCA's decision rejecting the petitioner's ineffective assistance of counsel claim was, she concluded, neither contrary to nor an unreasonable application of clearly established federal law.

The petitioner asserts in ground four that his due process rights were violated by the State's delayed production of Darnell Ray's criminal history.  The magistrate judge found that the petitioner failed to show that he was prejudiced by the belated disclosure of Mr. Ray's prior convictions or that evidence of it would have changed the result of the trial. She determined, therefore, that the OCCA's decision rejecting this claim on direct appeal was neither contrary to nor an unreasonable application of clearly established federal law.

In ground five the petitioner challenges the trial court's ruling prohibiting defense counsel from cross-examining codefendant Plank about a letter he allegedly wrote in which he stated that he did not know who shot Billy Ray.  The magistrate judge reviewed this claim de novo, as it was unclear whether the OCCA had considered whether the petitioner's Sixth Amendment right of confrontation had been violated by the trial court's ruling.  She determined that the petitioner in actuality was asserting a due process, rather than confrontation clause, claim as he was contending that he had been denied the right to conduct an effective cross-examination.  She rejected ground five as a basis for habeas relief, finding that the petitioner's trial was not rendered fundamentally unfair by his counsel's inability to impeach Plank with the letter.

The petitioner challenges another evidentiary ruling in ground six – the trial court's exclusion of evidence of a third party perpetrator of the crime.  Concluding that the third party perpetrator theory was "tenuous at best" and that the "record is replete with evidence that Petitioner forcibly entered the Rays' home and that he shot Billy Ray," Report and Recommendation, pp. 27-28, the magistrate judge found that the OCCA's rejection of this claim also was neither contrary to nor an unreasonable application of clearly established federal law.

As the petitioner had failed to establish a federal constitutional violation, he could not, the magistrate judge found, show that he had been deprived of a fair trial by the cumulative effect of the alleged trial errors.  She also concluded that the OCCA's decision on the impact of the alleged trial errors should be upheld under the deferential AEDPA standard.

The petitioner responded to the Report and Recommendation, specifically objecting only to the magistrate judge's findings with respect to grounds one and five of his petition.[6] The court has considered de novo the petitioner's assertion that his constitutional rights were violated by the trial court's failure to allow him to impeach Darnell Ray with evidence of his prior convictions or bootlegging activity or to impeach Warren Plank with the letter he had

---

[6]*The petitioner states in his objection that he "objects to the entirety of the Magistrate's report insofar as the Magistrate failed to find the constitutional violations alleged" and, in addition to the arguments and authorities cited in support of his specific objections to the Report and Recommendation, incorporates the arguments and authorities in his brief filed in support of his petition.  The mere adoption of a prior brief does not constitute a sufficient objection to warrant or permit de novo review.  See <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir.1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); <u>Garrett v. Oklahoma Corp. Comm'n</u>, No. 02-5089, 2003 WL 174197, at *1 (10th Cir. Jan. 27, 2003) ("[F]ailure to file a specific objection to a magistrate judge's report and recommendation constitutes a waiver of appellate review....Objections to the magistrate judge's report must be specific enough to focus the district court's attention on the factual and legal issues in dispute.").  <u>Garrett</u>  is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).*

written, and concurs with the magistrate judge's analysis and rejection of those claims.[7]

Accordingly, the court adopts the Report and Recommendation of Magistrate Judge Roberts.  The petition for writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of April, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[7]Even if the petitioner had specifically objected to the magistrate judge's resolution of his other claims for relief, the court, on de novo review, would have reached the same conclusions as she did.